UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

EDGAR UMANSOR,

Plaintiff,

v.

DAVID DRUMMOND, *et al.*,

Defendants.

Case No. 3:19-cv-00670-MMD-WGC

ORDER

**I.  DISCUSSION**

On December 30, 2019, this Court dismissed Plaintiff's civil rights Complaint in its entirety without prejudice based on Plaintiff's failure to file an application to proceed *in forma pauperis* or pay the full filing fee by December 13, 2019. (ECF Nos. 3, 4.) On January 17, 2020, Plaintiff filed a motion for an extension of time to file his application to proceed *in forma pauperis*, financial certificate, and accounting statement. (ECF No. 6 at 1.) Plaintiff states that he wanted to file the documents, but he was injured and prison officials flew him to Las Vegas for surgery. (*Id.*) Plaintiff kited prison officials for a financial statement and accounting statement but nobody responded. (*Id.*) Plaintiff also seeks medical help. (ECF No. 7.) Plaintiff provides no dates in his motions. (ECF Nos. 6, 7.)

The Court construes the motion for extension of time (ECF No. 6) as a motion for reconsideration. Upon motion by a party within 28 days of the entry of judgment, the court may alter or amend its findings under Federal Rule of Civil Procedure 59(e). Fed. R. Civ. P. 59(e). A party can also seek reconsideration under Federal Rule of Civil Procedure 60(b). Fed. R. Civ. P. 60(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist.*

1 *No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). District courts have discretion regarding whether to grant a motion to amend under Rule 59(e) or 60(b). *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014).

The Court denies the motion for reconsideration (ECF No. 6). Plaintiff has not attempted to file any part of his application to proceed *in forma pauperis*. Plaintiff has never submitted the three-page application, the financial certificate, or the accounting statement. Additionally, although Plaintiff states that he was injured and had surgery, he fails to provide any dates to explain a lack of response to the Court's order for two months. (ECF Nos. 3, 6). Although this case remains closed, Plaintiff may initiate a new case with the Clerk of the Court by filing his complaint and a complete application to proceed *in forma pauperis* with financial attachments.

**II.    CONCLUSION**

It is therefore ordered that the motion for extension of time (ECF No. 6) is construed as a motion for reconsideration and denied.

It is further ordered that the motion to order prison to do right thing (ECF No. 7) is denied because this is a closed case.

It is further ordered that the Clerk of the Court will send Plaintiff copies of his Complaint (ECF No. 1-1), an approved form application to proceed *in forma pauperis* by a prisoner, and the document entitled information and instructions for filing an *in forma pauperis* application. Plaintiff may file these documents in a new case but he may not file anymore documents in this closed case.

DATED THIS 23rd day of January 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE